## THE MONTSERRAT.

(District Court, S. D. New York. July 18, 1925.)

**1. Shipping ⊂⊃79—Contractor placing barge in place of danger held liable for all damages sustained by it.**

Where contractor, coaling steamship, negligently placed barge in place of danger between steamship and hoist, it was liable for all damages sustained by barge when tide fell, and steamship grounded and squeezed barge between it and the hoist.

**2. Shipping ⊂⊃86(2)—Steamship listing with falling tide held not liable for damages to barge, squeezed between steamship and hoist.**

Steamship listing with falling tide *held*, under evidence, not liable for damages to coal barge, squeezed between steamship and hoist.

In Admiralty. Libel by the Berwind-White Coal Mining Company against the steamship Montserrat, the Compania Trasatlantica, claimant, in which James Auditore & Sons, Inc., were impleaded. Libel dismissed, and decree directed against James Auditore & Sons, Inc.

Macklin, Brown & Van Wyck and Gerald K. McKernan, all of New York City, for libelant.

Hunt, Hill & Betts and John W. Crandall, all of New York City, for respondent steamship.

BONDY, District Judge. At about 5:30 o'clock on the morning of December 23, 1920, the respondent James Auditore & Sons, Inc., placed the barge Eureka No. 5, owned by the libelant, between the steamship Montserrat, which was bow-in along the south side of Pier 8, East River, and a hoist, by means of which James Auditore & Sons, Inc., discharged coal from the Eureka into the Montserrat. While James Auditore & Sons, Inc., was coaling the Montserrat, the tide fell, and the Montserrat touched bottom, listed to port, and squeezed the Eureka between the Montserrat and the hoist.

James Auditore & Sons, Inc., was acting as independent contractor. It had been coaling the Montserrat and other ships of the Compania Trasatlantica, the claimant of the Montserrat, for many years. The claimant did not have anything whatsoever to do with placing or keeping the barge alongside and between the Montserrat and the hoist, or with the coaling of the vessel. It was James Auditore & Sons, Inc., that without any supervision, interference, or control by the Montserrat placed and kept the barge between the Montserrat and the hoist.

[1] James Auditore & Sons, Inc., knew that the Montserrat and other ships of the Compania Trasatlantica touched bottom at Pier 8 at low tide. The marine superintendent of the Montserrat warned James Auditore & Sons, Inc., three or four times, to place the hoist at the end, and not along the side of a barge, while it was coaling claimant's steamships. On a previous occasion, a barge placed by James Auditore & Sons, Inc., between one of the claimant's ships and a hoist was removed just in time to avoid being jammed. Under such circumstances, James Auditore & Sons negligently placed the barge in a place of danger, and is liable for all damages sustained by the barge.

[2] The more difficult question is whether or not the Montserrat is liable for any part of the damage, because it permitted the stevedores to place and keep the barge between the Montserrat and the hoist, or because it failed to handle the Montserrat in such a way as not to injure the barge. The claimant, having employed the same corporation that for years coaled its ships to coal the Montserrat, was justified in assuming that it would place the barge and its hoist in such a position that no injury would be sustained by the barge while discharging coal from the barge into the Montserrat, and that it would shift the hoist, if necessary, before the tide fell.

There is not any evidence whatsoever that the taking on of other cargo, while the ship was coaling, caused any listing, or that the listing was due to improper loading, and not to the nature of the bottom where she grounded, or that the listing could have been prevented in any possible way, or that anything was negligently done or left undone on the ship. On the contrary, there is evidence that the listing could not have been prevented.

Had the hoist not been placed alongside the barge, the Eureka would not have been squeezed or jammed, no matter how much the Montserrat listed. The Montserrat did not place the hoist alongside the barge, nor

did it keep the hoist there while the tide was falling. In fact, it had no control over the placing of the hoist, so far as the record shows. It was not the manner in which the barge was placed alongside the Montserrat, but the manner in which the hoist was kept alongside the barge, that caused the damages.

In The Confidence (D. C.) 286 F. 742, the Western Light failed to slacken lines between it and another ship which it was breasting off while it was being coaled, and through such failure allowed the ships to squeeze the coal barge between them. In the case under consideration, the Montserrat had nothing whatsoever to do with the hoist. It does not appear that any absence of the captain of the barge contributed to the injuries. If the captain was not on the barge throughout the night, he was on it at the time it was being jammed.

The libel against the Montserrat, therefore, should be dismissed, and a decree directed against James Auditore & Sons, Inc.